TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ERIK M. SILBER (Cal. Bar No. 190534)
AMANDA M. BETTINELLI (Cal. Bar No. 233927)
Assistant United States Attorneys
Environmental and Community Safety Crimes Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2231/0470
    Facsimile: (213) 894-8513
    E-mail:    Erik.Silber@usdoj.gov
               Amanda.Bettinelli@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>             v.<br><br>ARESTAKES KHACHIKYAN,<br>   aka "Aries,"<br><br>             Defendant. | No. CR 20-239(A)-TJH<br><br>PLEA AGREEMENT FOR DEFENDANT<br>ARESTAKES KHACHIKYAN |

1.    This constitutes the plea agreement between defendant
ARESTAKES KHACHIKYAN, also known as "Aries" ("defendant"), and the
United States Attorney's Office for the Central District of
California (the "USAO").  This agreement is limited to the USAO and
cannot bind any other federal, state, local, or foreign prosecuting,
enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.    Defendant agrees to:

a.    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count three of the first superseding indictment in <u>United States v. Khachikyan</u>, CR 20-239(A)-TJH, which charges defendant with production of identification documents without lawful authority in violation of 18 U.S.C. §§ 1028(a)(1), 2(a), 2(b).

b.    Agree that all court appearances, including his change of plea hearing and sentencing hearing, may proceed by video-teleconference ("VTC") or telephone, if VTC is not reasonably available, so long as such appearances are authorized by Order of the Chief Judge or another order, rule, or statute.  Defendant understands that, under the United States Constitution, the United States Code, and the Federal Rules of Criminal Procedure (including Rules 11, 32, and 43), he may have the right to be physically present at these hearings.  Defendant understands that right and, after consulting with counsel, voluntarily agrees to waive it and to proceed remotely.  Defense counsel also joins in this consent, agreement, and waiver.  Specifically, this agreement includes, but is not limited to, the following:

i. Defendant consents under Federal Rules of Criminal Procedure 5(f) and 10(c) and Section 15002(b) of the CARES Act to proceed with his initial appearance and arraignment by VTC or telephone, if VTC is not reasonably available.

ii. Defendant consents under Section 15002(b) of the CARES Act to proceed with his waiver of indictment, under Federal Rule of Criminal Procedure 7(b), by VTC or telephone, if VTC is not reasonably available.

1    iii. Defendant consents under Section 15002(b) of the
2  CARES Act to proceed with his change of plea hearing by VTC or
3  telephone, if VTC is not reasonably available.

4    iv. Defendant consents under Section 15002(b) of the
5  CARES Act to proceed with his sentencing hearing by VTC or telephone,
6  if VTC is not reasonably available.

7    v. Defendant consents under 18 U.S.C. § 3148 and
8  Section 15002(b) of the CARES Act to proceed with any hearing
9  regarding alleged violations of the conditions of pretrial release by
10  VTC or telephone, if VTC is not reasonably available.

11    c.   Not contest facts agreed to in this agreement.

12    d.   Abide by all agreements regarding sentencing contained
13  in this agreement.

14    e.   Appear for all court appearances, surrender as ordered
15  for service of sentence, obey all conditions of any bond, and obey
16  any other ongoing court order in this matter.

17    f.   Not commit any crime; however, offenses that would be
18  excluded for sentencing purposes under United States Sentencing
19  Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not
20  within the scope of this agreement.

21    g.   Be truthful at all times with the United States
22  Probation and Pretrial Services Office and the Court.

23    h.   Pay the applicable special assessment at or before the
24  time of sentencing unless defendant has demonstrated a lack of
25  ability to pay such assessment.

26                    THE USAO'S OBLIGATIONS

27    3.   The USAO agrees to:

28    a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

d.   Because the justice system is facing an unprecedented crisis through the backlog of cases, the parties agree that the defendant is entitled to a two-level variance, and the government agrees to request a two-level variance if defendant complies with paragraph 2 above, as recognition of defendant's early acceptance of responsibility, which will lessen the burden on the court system by: (1) waiving any right to presence and pleading guilty at the earliest opportunity by VTC (or telephone, if VTC is not reasonably available); (2) waiving any right to presence and agreeing to be sentenced by VTC (or telephone, if VTC is not reasonably available) should the Central District of California's General Order allow for it; (3) agreeing to appear at all other times by VTC or telephone; and (4) waiving all appellate rights.

e.   Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A, without regard to reductions in the term of imprisonment that may be permissible through the substitution

1  of community confinement or home detention as a result of the offense

2  level falling within Zone B or Zone C of the Sentencing Table.

3          f.    Should the Court sentence defendant to a term of

4  imprisonment, recommend that defendant not be required to self-

5  surrender to serve his sentence until on or after July 5, 2021,

6  unless defendant violates the conditions of his bond.

7                          NATURE OF THE OFFENSE

8      4.    Defendant understands that for defendant to be guilty of

9  production of identification documents without lawful authority in

10  violation of 18 U.S.C. §§ 1028(a)(1), 2(a), 2(b), the following must

11  be true: (a) someone knowingly produced an identification document;

12  (b) someone produced the identification document without lawful

13  authority; and (c) in the course of production, the identification

14  document was transported in the mail.  In order for defendant to have

15  aided and abetted that offense under 18 U.S.C. § 2(a): (a) someone

16  else committed the offense of production of identification documents;

17  (b) defendant aided, counseled, commanded, induced or procured that

18  person with respect to at least one element of the offense of

19  production of identification documents; (c) defendant acted with the

20  intent to facilitate the offense of production of identification

21  documents; and (d) defendant acted before the crime was completed.  A

22  defendant may be also found guilty of the crime charged under 18

23  U.S.C. § 2(b), even if the defendant did not personally commit the

24  acts constituting the crime, if the defendant willfully caused an act

25  to be done that if directly performed by him would be an offense

26  against the United States.  A defendant who puts in motion or causes

27  the commission of an indispensable element of the offense may be

28  found guilty as if he had committed this element himself.

PENALTIES

5.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. §§ 1028(a)(1), 2(a), 2(b) is: 15 years imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated

1  collateral consequences will not serve as grounds to withdraw
2  defendant's guilty plea.
3       8.   Defendant understands that, if defendant is not a United
4  States citizen, the felony conviction in this case may subject
5  defendant to: removal, also known as deportation, which may, under
6  some circumstances, be mandatory; denial of citizenship; and denial
7  of admission to the United States in the future.   The Court cannot,
8  and defendant's attorney also may not be able to, advise defendant
9  fully regarding the immigration consequences of the felony conviction
10 in this case.   Defendant understands that unexpected immigration
11 consequences will not serve as grounds to withdraw defendant's guilty
12 plea.
13                          FACTUAL BASIS
14      9.   Defendant admits that defendant is, in fact, guilty of the
15 offense to which defendant is agreeing to plead guilty.   Defendant
16 and the USAO agree to the statement of facts provided below and agree
17 that this statement of facts is sufficient to support a plea of
18 guilty to the charge described in this agreement and to establish the
19 Sentencing Guidelines factors set forth in paragraph 11 below but is
20 not meant to be a complete recitation of all facts relevant to the
21 underlying criminal conduct or all facts known to either party that
22 relate to that conduct.
23      On or before May 25, 2016, defendant arranged for driver's
24 license applicant K.C. to fraudulently obtain a passing score on the
25 law/written test for an instructional permit from the California
26 Department of Motor Vehicles ("California DMV").   An instructional
27 permit is a necessary preliminary step in the process to legally
28 obtain a state-issued California driver's license.   Defendant charged

1  K.C. $900 in cash in exchange for fraudulently obtaining the
2  instructional permit and driver's license.  Defendant kept some of
3  the money and provided a portion of the money to others to facilitate
4  the fraud.

5      Pursuant to the scheme, DMV computer records indicate that, on
6  May 25, 2016, co-conspirator and former DMV employee Jovanna Nettles
7  accessed the DMV record associated with applicant K.C.  Nettles
8  entered passing scores on a test required for an instructional permit
9  (law/written test) and then issued an instructional permit for K.C.
10 even though K.C. never actually took or passed the law/written test.

11     As a result of the fraud, the California DMV produced and, on or
12 about July 26, 2016, the California DMV mailed, a California driver's
13 license, an identification document, to applicant K.C.  Because
14 applicant K.C. had never taken or passed the law/written test for an
15 instructional permit, she was not entitled to receive that driver's
16 license.  As a result of the fraud, K.C.'s driver's license was not
17 lawfully obtained or validly issued by the California DMV.

18                          SENTENCING FACTORS

19     10.  Defendant understands that in determining defendant's
20 sentence the Court is required to calculate the applicable Sentencing
21 Guidelines range and to consider that range, possible departures
22 under the Sentencing Guidelines, and the other sentencing factors set
23 forth in 18 U.S.C. § 3553(a).  Defendant understands that the
24 Sentencing Guidelines are advisory only, that defendant cannot have
25 any expectation of receiving a sentence within the calculated
26 Sentencing Guidelines range, and that after considering the
27 Sentencing Guidelines and the other § 3553(a) factors, the Court will
28 be free to exercise its discretion to impose any sentence it finds

1  appropriate up to the maximum set by statute for the crime of
2  conviction.
3      11.  Defendant and the USAO agree to the following applicable
4  Sentencing Guidelines factors:
5      Offense Level:                12    USSG § 2B1.1(b)(11)(B)(ii)
6  Defendant and the USAO reserve the right to argue that additional
7  specific offense characteristics, adjustments, and departures under
8  the Sentencing Guidelines are appropriate.
9      12.  Defendant understands that there is no agreement as to
10 defendant's criminal history or criminal history category.

11                    WAIVER OF CONSTITUTIONAL RIGHTS
12     13.  Defendant understands that by pleading guilty, defendant
13 gives up the following rights:
14          a.  The right to persist in a plea of not guilty.
15          b.  The right to a speedy and public trial by jury.
16          c.  The right to be represented by counsel – and if
17 necessary have the Court appoint counsel – at trial.  Defendant
18 understands, however, that, defendant retains the right to be
19 represented by counsel – and if necessary have the Court appoint
20 counsel – at every other stage of the proceeding.
21          d.  The right to be presumed innocent and to have the
22 burden of proof placed on the government to prove defendant guilty
23 beyond a reasonable doubt.
24          e.  The right to confront and cross-examine witnesses
25 against defendant.
26          f.  The right to testify and to present evidence in
27 opposition to the charges, including the right to compel the
28 attendance of witnesses to testify.

1         g.   The right not to be compelled to testify, and, if

2  defendant chose not to testify or present evidence, to have that

3  choice not be used against defendant.

4         h.   Any and all rights to pursue any affirmative defenses,

5  Fourth Amendment or Fifth Amendment claims, and other pretrial

6  motions that have been filed or could be filed.

7  WAIVER OF APPEAL OF CONVICTION

8     14.   Defendant understands that, with the exception of an appeal

9  based on a claim that defendant's guilty plea was involuntary, by

10  pleading guilty defendant is waiving and giving up any right to

11  appeal defendant's conviction on the offense to which defendant is

12  pleading guilty.  Defendant understands that this waiver includes,

13  but is not limited to, arguments that the statute to which defendant

14  is pleading guilty is unconstitutional, and any and all claims that

15  the statement of facts provided herein is insufficient to support

16  defendant's plea of guilty.

17  WAIVER OF APPEAL AND COLLATERAL ATTACK

18     15.   Defendant gives up the right to appeal all of the

19  following: (a) the procedures and calculations used to determine and

20  impose any portion of the sentence; (b) the term of imprisonment

21  imposed by the Court, provided it is no more than the high-end of the

22  Sentencing Guidelines range calculated by the Court; (c) the fine

23  imposed by the Court, provided it is within the statutory maximum;

24  (d) to the extent permitted by law, the constitutionality or legality

25  of defendant's sentence, provided it is within the statutory maximum;

26  (e) the amount and terms of any restitution order; (f) the term of

27  probation or supervised release imposed by the Court, provided it is

28  within the statutory maximum; and (g) any of the following conditions

10

1  of probation or supervised release imposed by the Court: the

2  conditions set forth in General Order 20-04 of this Court; the drug

3  testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d);

4  and the alcohol and drug use conditions authorized by 18 U.S.C.

5  § 3563(b)(7).

6        16.   Defendant also gives up any right to bring a post-

7  conviction collateral attack on the conviction or sentence, including

8  any order of restitution, except a post-conviction collateral attack

9  based on a claim of ineffective assistance of counsel or an

10 explicitly retroactive change in the applicable Sentencing

11 Guidelines, sentencing statutes, or statutes of conviction.

12 Defendant understands that this waiver includes, but is not limited

13 to, arguments that the statute to which defendant is pleading guilty

14 is unconstitutional, that newly discovered evidence purportedly

15 supports defendant's innocence, and any and all claims that the

16 statement of facts provided herein is insufficient to support

17 defendant's plea of guilty.

18       17.   The USAO agrees that, provided all portions of the sentence

19 are at or below the statutory maximum specified, the USAO gives up

20 its right to appeal any portion of the sentence.

21                  RESULT OF WITHDRAWAL OF GUILTY PLEA

22       18.   Defendant agrees that if, after entering a guilty plea

23 pursuant to this agreement, defendant seeks to withdraw and succeeds

24 in withdrawing defendant's guilty plea on any basis other than a

25 claim and finding that entry into this plea agreement was

26 involuntary, then (a) the USAO will be relieved of all of its

27 obligations under this agreement; and (b) should the USAO choose to

28 pursue any charge that was either dismissed or not filed as a result

1  of this agreement, then (i) any applicable statute of limitations
2  will be tolled between the date of defendant's signing of this
3  agreement and the filing commencing any such action; and
4  (ii) defendant waives and gives up all defenses based on the statute
5  of limitations, any claim of pre-indictment delay, or any speedy
6  trial claim with respect to any such action, except to the extent
7  that such defenses existed as of the date of defendant's signing this
8  agreement.

9                    EFFECTIVE DATE OF AGREEMENT

10      19.   This agreement is effective upon signature and execution of
11  all required certifications by defendant, defendant's counsel, and an
12  Assistant United States Attorney.

13                     BREACH OF AGREEMENT

14      20.   Defendant agrees that if defendant, at any time after the
15  signature of this agreement and execution of all required
16  certifications by defendant, defendant's counsel, and an Assistant
17  United States Attorney, knowingly violates or fails to perform any of
18  defendant's obligations under this agreement ("a breach"), the USAO
19  may declare this agreement breached.  All of defendant's obligations
20  are material, a single breach of this agreement is sufficient for the
21  USAO to declare a breach, and defendant shall not be deemed to have
22  cured a breach without the express agreement of the USAO in writing.
23  If the USAO declares this agreement breached, and the Court finds
24  such a breach to have occurred, then: (a) if defendant has previously
25  entered a guilty plea pursuant to this agreement, defendant will not
26  be able to withdraw the guilty plea, and (b) the USAO will be
27  relieved of all its obligations under this agreement.

28

21.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

<u>OFFICE NOT PARTIES</u>

22.   Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing

13

1    recommendations or the parties' agreements to facts or sentencing

2    factors.

3        23.  Defendant understands that both defendant and the USAO are

4    free to: (a) supplement the facts by supplying relevant information

5    to the United States Probation and Pretrial Services Office and the

6    Court, (b) correct any and all factual misstatements relating to the

7    Court's Sentencing Guidelines calculations and determination of

8    sentence, and (c) argue on appeal and collateral review that the

9    Court's Sentencing Guidelines calculations and the sentence it

10   chooses to impose are not error, although each party agrees to

11   maintain its view that the calculations in paragraph 11 are

12   consistent with the facts of this case.   While this paragraph permits

13   both the USAO and defendant to submit full and complete factual

14   information to the United States Probation and Pretrial Services

15   Office and the Court, even if that factual information may be viewed

16   as inconsistent with the facts agreed to in this agreement, this

17   paragraph does not affect defendant's and the USAO's obligations not

18   to contest the facts agreed to in this agreement.

19       24.  Defendant understands that even if the Court ignores any

20   sentencing recommendation, finds facts or reaches conclusions

21   different from those agreed to, and/or imposes any sentence up to the

22   maximum established by statute, defendant cannot, for that reason,

23   withdraw defendant's guilty plea, and defendant will remain bound to

24   fulfill all defendant's obligations under this agreement.   Defendant

25   understands that no one -- not the prosecutor, defendant's attorney,

26   or the Court -- can make a binding prediction or promise regarding

27   the sentence defendant will receive, except that it will be within

28   the statutory maximum.

1

<u>NO ADDITIONAL AGREEMENTS</u>.

2      25.   Defendant understands that, except as set forth herein,

3   there are no promises, understandings, or agreements between the USAO

4   and defendant or defendant's attorney, and that no additional

5   promise, understanding, or agreement may be entered into unless in a

6   writing signed by all parties or on the record in court.

7          <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

8      26.   The parties agree that this agreement will be considered

9   part of the record of defendant's guilty plea hearing as if the

10  entire agreement had been read into the record of the proceeding.

11  AGREED AND ACCEPTED

12  UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
13  CALIFORNIA

14  TRACY L. WILKISON
    Acting United States Attorney

15

16  _____          06/04/2021

    ERIK M. SILBER                        Date
17  AMANDA M. BETTINELLI
    Assistant United States Attorneys
18
    _____          06/04/2021
19  ARESTAKES KHACHIKYAN                   Date
    Defendant
20  _____          June 4, 2021

21  MICHAEL H. ARTAN                       Date
    Attorney for Defendant
22

23           <u>CERTIFICATION OF DEFENDANT</u>.

24      This agreement has been read to me in Armenian, the language I

25  understand best.  I have had enough time to review and consider this

26  agreement, and I have carefully and thoroughly discussed every part

27  of it with my attorney.  I understand the terms of this agreement,

28  and I voluntarily agree to those terms.  I have discussed the

evidence with my attorney, and my attorney has advised me of my
rights, of possible pretrial motions that might be filed, of possible
defenses that might be asserted either prior to or at trial, of the
sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant
Sentencing Guidelines provisions, and of the consequences of entering
into this agreement.  No promises, inducements, or representations of
any kind have been made to me other than those contained in this
agreement.  No one has threatened or forced me in any way to enter
into this agreement.  I am satisfied with the representation of my
attorney in this matter, and I am pleading guilty because I am guilty
of the charge and wish to take advantage of the promises set forth in
this agreement, and not for any other reason.

_____        06/04/2021
ARESTAKES KHACHIKYAN                     Date
Defendant

### CERTIFICATION OF INTERPRETER

    I, Zarreh Martin am fluent in the written and spoken
English and Armenian languages.  I accurately translated this entire
agreement from English into Armenian to defendant ARESTAKES
KHACHIKYAN on this date.

_____        06-04-21
INTERPRETER                              Date

### CERTIFICATION OF DEFENDANT'S ATTORNEY

    I am ARESTAKES KHACHIKYAN's attorney.  I have carefully and
thoroughly discussed every part of this agreement with my client.
Further, I have fully advised my client of his rights, of possible
pretrial motions that might be filed, of possible defenses that might

16

1  be asserted either prior to or at trial, of the sentencing factors

2  set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

3  provisions, and of the consequences of entering into this agreement.

4  To my knowledge: no promises, inducements, or representations of any

5  kind have been made to my client other than those contained in this

6  agreement; no one has threatened or forced my client in any way to

7  enter into this agreement; my client's decision to enter into this

8  agreement is an informed and voluntary one; and the factual basis set

9  forth in this agreement is sufficient to support my client's entry of

10 a guilty plea pursuant to this agreement.

11 _____          June 4, 2021
                                          _____
12 MICHAEL H. ARTAN                       Date
   Attorney for Defendant

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28