TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
AMANDA M. BETTINELLI (Cal. Bar No. 233927)
ERIK M. SILBER (Cal. Bar No. 190534)
Assistant United States Attorneys
Environmental and Community Safety Crimes Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2231/894-0407
    E-mail: Erik.Silber@usdoj.gov/Amanda.Bettinelli@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-239-TJH |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING RESPONSE FOR DEFENDANT ARESTAKES KHACHIKYAN |
| v. | |
| ARESTAKES KHACHIKYAN, | Hearing Date: November 1, 2021<br>Hearing Time: 10:00 a.m. |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Erik M. Silber and Amanda M. Bettinelli, hereby files its response to defendant Arestakes Khachikyan's sentencing paper.

    This response is based upon the attached memorandum of

///

///

points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 21, 2021        Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division


          /s/
ERIK M. SILBER
AMANDA M. BETTINELLI
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

As the government identified in its objection to the Presentence Report ("PSR"), with the COVID variance and two-level reduction for acceptance of responsibility, defendant would have a total offense level of eight, a criminal history category of I, and a Guideline range of 0-6 months in prison. The government recommends a sentence at the low-end of the Guideline range: a two-year term of probation.

Defendant pleaded guilty to the least serious offense out of this scheme to bribe DMV employees, causing and aiding and abetting the production of identification documents without lawful authority in violation of 18 U.S.C. Section 1028(a)(1), 2(a), 2(b). Defendant pleaded guilty based on a single fraudulent applicant, K.C. Investigators were aware of a potentially second fraudulent applicant as well and defendant generally admitted to investigators with being involved with a second fraudulent applicant. The evidence does not show that defendant's participation in the scheme extended over a long period of time, nor did it involve a number of unlawful acts.

As a result of these facts and the following three factors, the government recommends a sentence of two-years probation: (1) a two-year probationary sentence is at the low end of defendant's Guideline range, which is 0-6 months in prison, 18 U.S.C. Section 3553(a)(4)(A); (2) defendant's role in the scheme was not as significant as others, 18 U.S.C. Section 3553(a)(1), suggesting a low-end of the Guideline sentence is all that is needed here to serve as an adequate deterrent, 18 U.S.C. Section 3553(a)(2)(B); and (3) defendant's early acceptance of responsibility at the first opportunity to do so suggests less of risk of recidivism or need to protect the public from future crimes of defendant, 18 U.S.C. Section

3553(a)(2)(C).  For these reasons, the government asks the Court to impose a low-end Guideline sentence for this defendant:  a two-year term of probation.